UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08CV177-MU


| | | |
|---|---|---|
| **HERMENEGLIDO RICO MARTINEZ** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| **SANDY THOMAS, Superintendent Lumberton** | ) | |
| **Correctional Inst., et. al.** | ) | |
| | ) | |
| **Respondents.** | ) | |
| | ) | |


**THIS MATTER** is before the Court on review of Petitioner's 28 U.S.C. § 2254 Petition

for Writ of Habeas Corpus filed on April 21, 2008 (Document No. 1) and Respondent's Answer

and Motion for Summary Judgment (Documents Nos. 5 and 6.)   For the reasons stated herein,

the Petitioner's case will be <u>dismissed</u> as time-barred.

### I. Factual and Procedural Background

According to the record in this case, on December 15, 2006 Petitioner pled guilty to

voluntary manslaughter and was sentenced to a presumptive-range sentencing term of 103 to 133

months imprisonment. (Motion for Summary Judgment, Ex. 2.)  On October 2, 2007, Petitioner

mailed a pro se motion for appropriate relief (MAR) to the Superior Court, Buncombe County.

On October 11, 2007, Judge Payne denied the MAR. (<u>Id</u>., Ex. 4.) On January 9, 2008, Petitioner

filed a pro se petition for writ of certiorari in the North Carolina Court of Appeals, which was

denied on January 25, 2008. (Id., Ex. 7.) On March 3, 2008, Petitioner filed a pro se document

entitled "motion for a discretionary review" in the Supreme Court of North Carolina, which was

dismissed on March 6, 2008. State v. Martinez, No. 94P08, 2008 N.C. LEXIS 219 (March 6,

2008) (unpublished order) (Respondent's Motion for Summary Judgement, Ex. 10.)

Petitioner submitted the instant habeas petition to this Court which was filed and stamped

on April 21, 2008. On his form petition, although specifically asked to, Petitioner did not

indicate when he placed his § 2254 petition in the prison mailing system. (See Petition at 15.) He

left the dates at the end of the form petition blank. (Id.) However, in a certified page attached to

his § 2254 petition, Petitioner swears that his § 2254 petition was executed on March 14, 2008.

Yet, according to the envelope in which his Petition arrived at this Court, it was post-marked

over a month later on April 18, 2008.

With their Brief in support of their Motion for Summary Judgment, Respondents attached

the mail log for Lumberton Correctional Institution from April 18, 2008, the date on which

Petitioner's envelope containing his § 2254 petition was post-marked. This mail log indicates

that an envelope addressed to this Court's address was logged in by the prison mail clerk on

April 18, 2008.

## II. Analysis

In April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty

Act of 1996 (the AEDPA), effectively amending 28 U.S.C. § 2254 by adding the following

language:

A 1 year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:

(B)     the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has been noted above, the instant Petition reports that Petitioner sustained his conviction and sentence on December 15, 2006. Petitioner did not directly appeal. Instead, Petitioner allowed two hundred ninety-one (291) days to pass before filing unsuccessful collateral review proceedings in the North Carolina courts. The AEDPA entitles the Petitioner to have the limitation period tolled for the brief period during which he was pursuing State collateral review, namely from October 2, 2007, the date on which he filed his MAR until January 25, 2008, the date on which his Petition for Writ of Certiorari was denied by the North

Carolina Court of Appeals.[1]  After January 25, 2008, Petitioner had seventy-four (74) days

remaining under the one year limitation period, until April 8, 2008, to file his claim.  According

to the prison mail log and the post-mark on the envelope in which the Court received his § 2254

petition, Petitioner did not attempt to file his claim by mail until April 18, 2008 – ten days after

the one year statute of limitations had run.  Therefore, the Petitioner's Petitioner was not filed

within the one-year limitation period and must be dismissed.[2]

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such

tolling is allowed in "those rare instances where – due to circumstances external to the party's

own conduct – it would be unconscionable to enforce the limitations period against the party and

gross injustice would result."  <u>Rouse v. Lee</u>, 339 F.3d 238, 246 (4th Cir. 2004) (<u>en banc</u>), <u>cert.</u>

---

[1] Petitioner's "Motion for Discretionary Review," filed with the North Carolina Supreme
Court on March 3, 2008 and denied on March 6, 2008, was inappropriately filed. <u>See</u> N.C.G.S. §
7A-28(a) ("Decisions of the Court of Appeals upon review of Motions for Appropriate Relief
listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by
appeal, motion, certification, writ or otherwise.")  The Statute of Limitations shall only be tolled
for appropriately filed proceedings; therefore the one year period of limitations will not toll for
the period during which his "Motion for Discretionary Review" was under consideration.

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of <u>Hill v.
Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002).  There, the Court concluded that "when a federal
<u>habeas</u> court, prior to trial, perceives a <u>pro-se</u> [petition or motion to vacate] to be untimely and
the state has not filed a motion to dismiss based upon the one-year limitations period, the
[district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient
explanation."  Consistent with that requirement, in December 2004, the Administrative Office of
the Courts modified the federal <u>habeas</u> form to comply with <u>Hill</u>.  The new forms now include a
section which directs the petition to address the "timeliness of [his/her] motion."  In particular,
question 18 on the new form advises the petitioner that if his/her conviction became final more
than one year before the time that the motion to vacate is being submitted, he/she "must explain
why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) [also set forth on the
form] does not bar [such] motion."  Accordingly, given the fact that the Petitioner had the
opportunity to address the timeliness of his Petition on his form petition, and because the
Respondent did file a motion for summary judgment based on the one-year limitation period, the
Court concludes that he has been given every opportunity to which he is entitled in this regard,
and no further warning is required for him.

denied, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, the Petitioner does not set forth any basis which would support a finding that it would be unconscionable to enforce the limitations period, or that a gross injustice would result from such enforcement. Therefore, equitable tolling also is not available for the Petitioner.

## III. Conclusion

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court. Accordingly, such Petition must be dismissed.

## IV. Order

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED as time barred**.

**SO ORDERED.**

Signed: June 19, 2008

Graham C. Mullen
United States District Judge